Erazier, J.
This is a petition in error to the court of common pleas.
The original action was brought by the defendant in error to enjoin the collection of an assessment for improving Garfield avenue in the city of Salem.
The case called for a construction of sections 2270 and 2284, of the Revised Statutes. The case was treated by Judge Smith in an exhaustive opinion, and we are so well satisfied with his reasoning that I shall merely state our conclusions.
It is admitted that the restriction in section 2270, Revised Statutes, to twenty-five per cent, of the value of the property as assessed for taxation, applies in this case. It also appears that the rate per foot front of assessment will exceed twenty-five per cent, of Mrs. Mulford’s property as appraised for taxation. Bonds were issued to pay for the improvement covering the period of ten years. An' opportunity was given before the issuing of the bonds to pay the-assessments by any person who desired, and thus save the payment of interest on the bonds. It is averred in the petition That no one availed himself of this opportunity. When the first installment or one-tenth became due, Mrs. Mulford tendered one-tenth of the value of *398 her. property as appraised-'for taxation. The city refused to receive it in discharge of her liability unless she would pay the interest on it. The counsel for the city .argues that as she might have' paid the twenty-five per cent, in one sum before the bonds were issued, and did not, she should pay interest to repay the amount the city must pay upon such bonds, or portions of the bonds, which she might have prevented the issue of. * . ’
This calls for a construction of section 2284, of the Revised' Statutes, which reads:
. “The cost of any improvement contemplated in this chapter shall include the purchase money of real estate, or any interest therein, when the same has been acquired by purchase, or value thereof as found by the jury, where the same has been appropriated, the costs and expenses of the proceeding, the damages assessed in favor of any owner of adjoining lands and interest thereon, the costs and expenses of the assessment, the expenses of the preliminary and other surveys, and of printing, publishing the notices and ordinances required, including notice of assessment, and serving notices on property owners, the cost of construction, interest on bonds, where-bonds have been issued in anticipation of the collection of assessments, and any other necessary expenditure.”
The interest on the bonds should have been, and doubtless was, added in as a part of the cost of the improvement. It is as much a part of the cost as any other of the items mentioned in said section. Counsel have cited decisions which hold that interest should be paid after assessments are due.
However that may be, under our statute she can only be required to pay what could have been legally assessed, which is twenty-five per cent, of the appraised value of her lot. We therefore hold that so much of the assessment as is in excess of said sum whether the same is added for interest on bonds or other wise, is illegal and its collection must be sustained. •
The judgment of the court of common pleas will be affirmed-